

West Virginia E-Filing Notice

CC-20-2024-C-1308

Judge: Kenneth Ballard

**To:** Correctional Officer Castleberry
2880 N. Pleasants Highway
St. Marys, WV 26170

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
Brian Clark v. West Virginia Division of Corrections and Rehabilitation
CC-20-2024-C-1308

The following complaintwas FILED on 11/25/2024 3:41:59 PM

Notice Date:    11/25/2024 3:41:59 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440

# SUMMONS

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
## Brian Clark v. West Virginia Division of Corrections and Rehabilitation

Service Type:   Filer - Private Process Server

NOTICE TO:   Correctional Officer Castleberry, 2880 N. Pleasants Highway, St. Marys, WV 26170

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Paul Stroebel, P.O. Box 2582, , Charleston, WV 25329

THE ANSWER MUST BE MAILED WITHIN 20 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

11/25/2024 3:41:59 PM        /s/ Cathy S. Gatson
_____        _____
       Date                          Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____        _____
       Date                     Server's Signature

EFILED 11/25/2024 3:41 PM
CC-20-2024-C-1308
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**BRIAN CLARK,**

    **Plaintiff,**

v.                                                         **Civil Action Number:**

**WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION and
CORRECTIONAL OFFICER CASTLEBERRY**

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Brian Clark, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Brian Clark (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the Saint Marys Correctional Center (hereinafter SMCC). Plaintiff is no longer incarcerated at the time of filing this complaint and resides in Frederick County, Virginia.

2. West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDCR's principle or central office is located in Charleston, Kanawha County, West Virginia. The WVDCR is responsible for overseeing the jails and correctional facilities throughout the state.

3. Defendant, Correctional Officer Castleberry, was/is employed by the West Virginia Division of Corrections and Rehabilitation as a correctional officer at SMCC that used unwarranted and excessive force against the plaintiff.

4. The reckless, willful and intentional acts and omissions of the defendants directly resulted in plaintiff being injured. Plaintiff affirmatively states that he has exhausted all

administrative remedies. Plaintiff asserts that he is seeking damages up to an amount commensurate with the amount of insurance coverage when applicable to the claims made herein.

5. All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

6. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7. On or about October 11, 2024, Plaintiff was in the outside recreation yard at SMCC. Plaintiff was working out and took a break to catch his breath. Correctional Officer Liska called Plaintiff back inside to his dorm. Plaintiff followed her order and went inside the dorm. Correctional Officer Liska told Plaintiff that he was going to lose his hour of recreation time. Plaintiff responded by asking for a gold badge or supervisor so he could discuss his loss of recreation. Correctional Officer Liska ordered Plaintiff into the hallway and to get on the wall. Plaintiff followed this order and went into the hallway and stood against the wall with his hands placed on the wall and his feet spread. At this time, Defendant Castleberry came running down the hall screaming at Plaintiff to "shut the fuck up" and "do not fucking talk to her." Plaintiff was not talking at this time and was against the wall as he had been ordered. Defendant Castleberry and CO Liska continued to scream at Plaintiff while he was against the wall. Plaintiff turned his head to try to address the Defendant and CO Liska. When Plaintiff turned his head, Defendant Castleberry sprayed Plaintiff in his face and ear from only a few inches from his face. Defendant Castleberry did not give Plaintiff any warning or orders prior to spraying him and Plaintiff had his hands against the wall when he was sprayed with O.C. spray.

8. Plaintiff was not a threat to himself, the Defendant, or anyone else at the time he was sprayed. Plaintiff was against the wall and was not causing any disturbance when Defendant Castleberry approached Plaintiff and sprayed him without any warning. Defendant Castleberry

never gave Plaintiff any warning that he was going to spray him and Plaintiff never refused any orders. Plaintiff suffered burning eyes, shortness of breath and burning of his skin. This was and is a clear violation of the use of force policy and a violation of Plaintiff's constitutional rights. Defendants Castleberry also attempted to cover up his wrongful conduct by filing a false incident report.

9. Plaintiff further asserts that he is seeking damages from the defendants up to an amount commensurate with the amount of insurance coverage when applicable to the claims made herein. The individual defendant is being sued in his individual capacity and was acting under the color of state law at all times relevant herein.

10. The excessive conduct of defendant Castleberry should be on video recording.

11. Defendants Castleberry's conduct, carried out under the color of state law, violated WVDCR policy which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDCR. The conduct described above also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution. At no time was plaintiff a threat to defendant Castleberry and at no time did plaintiff fail to follow orders of the defendant. Defendant Castleberry filed a false report in an attempt to cover up his conduct. As a result of Plaintiff being sprayed with O.C. spray, Plaintiff suffered serious physical injury, severe burning from the spray, and was unable to breathe.

## COUNT I – OUTRAGEOUS CONDUCT

12. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

13. Defendant Castleberry's conduct as described herein was carried out without just cause and was outrageous and intentional, proximately causing Plaintiff to suffer severe bodily injury, severe emotional distress, humiliation, embarrassment, mental distress and loss of personal dignity as a result of Defendant Castleberry carrying out his duties.

14. Defendant Castleberry knew that such conduct was reasonably certain to cause severe emotional distress as well as physical harm. Despite said knowledge, Defendant Castleberry conducted himself in an outrageous manner when he sprayed Plaintiff with O.C. spray as previously described when plaintiff posed no threat of harm to the officers, others, or himself. Defendant Castleberry's conduct was an excessive use of force and amounts to cruel and unusual punishment. Defendant Castleberry's conduct of spraying plaintiff with O.C. spray without any warning demonstrates the defendant's malicious intent. Due to the Defendant's conduct, Plaintiff has suffered severe emotional distress.

15. As a result of this conduct, Plaintiff has suffered burning of his skin, shortness of breath, mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages from defendants as well as and attorney fees and costs pursuant 42 U.S.C.§ 1988.

### COUNT II- VIOLATION OF 42 USC §1983

16. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

17. Defendant Castleberry used unnecessary and excessive force against Plaintiff when he sprayed plaintiff with OC spray when plaintiff did not pose a threat to himself or others. This conduct was unwarranted, unnecessary and unjustified. Defendant's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. At no time did defendant Castleberry employ any efforts to temper. Defendant's conduct was unnecessary and excessive and is cruel and unusual punishment.

Defendant's use of excessive force on a compliant inmate demonstrates the unconstitutional nature of the excessive force as well as the malicious intent.

18. The use of force on Plaintiff when he posed no threat to himself or others was a violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity. Defendant Castleberry's use of excessive force was cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted. Correctional Officers such as the defendant receive training that identifies such conduct as a constitutional violation of an inmate's rights. The failure to make any effort to temper is further evidence of defendant Castleberry's malicious conduct.

19. The conduct of Defendant Castleberry was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's rights under the Eighth Amendment. Further, Defendant's acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights. Defendant Castleberry would have known that his conduct violated plaintiff's constitutional rights as a result of legal precedent and his training.

20. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered burning of his skin, shortness of breath, mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

## COUNT III - VICARIOUS LIABILITY

21. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 15 as if fully set forth herein.

22. Defendant WVDCR is variously liable for the conduct of its employee, Defendant Castleberry, who was acting within the scope of his employment as described herein for the allegations set forth in Count I of this Complaint.

23. The actions of the defendant correctional officer occurred while he was working for the WVDCR. Defendant Castleberry was acting within the scope of his employment during the events described herein for the allegations set forth in Count I of this Complaint.

24. "An employer may be liable for the conduct of an employee, even if the specific conduct is unauthorized or contrary to express orders, so long as the employee is acting within the general scope of his authority and for the benefit of the employer." *Travis v. Alcon Laboratories, Inc.*, 202 W.Va. 269, 281, 504 S.E.2d 419, 431 (W.Va. 1998); *See also Crawford v. McDonald*, No. 21-0732 (W.Va. Mar. 31, 2023). Plaintiff asserts that the Defendant's conduct was within the scope of his authority and for the employer's benefit.

25. As a result of this conduct, Plaintiff suffered serious physical injury, including but not limited to, severe burning from the OC spray and difficulty breathing. Plaintiff also suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the defendants as well as attorney's fees and costs. Defendant WVDCR is vicariously liable for Defendant Castleberry's conduct because he was acting within the general scope of his employment.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, past and future medical expenses, damages for emotional and mental distress and punitive damages (against the individual

Defendant only) court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses. Plaintiff does not seek punitive damages from the WVDCR.

PLAINTIFF DEMANDS A TRIAL BY JURY.

                                  BRIAN CLARK,
                                  By Counsel,

                                  /s/ Paul Stroebel
                                  Paul E. Stroebel, Esquire (WV BAR 13269)
                                  Stroebel & Stroebel, PLLC
                                  405 Capitol Street; Suite 102
                                  P.O. Box 2582
                                  Charleston, WV 25329
                                  Telephone: (304) 346-0197
                                  Fax: (304) 346-6029
                                  E-mail: paulstroebel1@gmail.com