IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIAN CLARK,

                Plaintiff,

v.                                      CIVIL ACTION NO.   2:25-cv-00179

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant West Virginia Division of Corrections and Rehabilitation's ("WVDCR") Motion to Dismiss. (ECF No. 6.) For the reasons discussed below, the motion is **GRANTED**.

### I.    BACKGROUND

This matter arises out of the alleged use of force against Plaintiff Brian Clark ("Plaintiff") while incarcerated at Saint Mary's Correctional Center ("SMCC"). (ECF No. 1-1.) The Complaint alleges that, on or about October 11, 2024, Plaintiff was in the outside recreation yard at SMCC when Correctional Officer Liska ("C.O. Liska") called Plaintiff back inside to his dorm. (*Id.* at 4, ¶ 7.) Plaintiff asserts that when he came inside, C.O. Liska told Plaintiff he would lose his hour of recreation time. (*Id.*) Responding to the officer, Plaintiff alleges that he requested "a gold badge or supervisor" so Plaintiff could discuss his loss of recreation. (*Id.*) According to Plaintiff, C.O. Liska instead ordered Plaintiff against the wall in the hallway. (*Id.*) Plaintiff

1

states that he followed this order and stood against the wall with his hands placed on the wall and his feet spread.  (*Id.*)

Despite his alleged compliance, Plaintiff claims that Defendant Castleberry ran down the hall screaming at Plaintiff to "shut the fuck up."  (*See id.*)  Plaintiff asserts that Defendant Castleberry and C.O. Liska continued to scream at him, even though he was allegedly standing against the wall and not talking.  (*Id.*)  In fact, Plaintiff states that he was neither a threat to himself, nor anyone else, nor was he causing any disturbances.  (*Id.*, ¶ 8.)

Nevertheless, Plaintiff claims that when he turned his head toward the officers, Defendant Castleberry—without warning—sprayed Plaintiff in the face and ear with O.C. spray.  (*Id.*)  The spray caused Plaintiff to suffer "burning eyes, shortness of breath and burning of his skin."  (*Id.* at 5, ¶ 8.)  Following these events, Plaintiff alleges that Defendant Castleberry attempted to cover up his wrongful conduct by filing a false incident report.  (*Id.*)

Consequently, Plaintiff filed suit in the Circuit Court of Kanawha County, West Virginia on November 25, 2024.  (*See generally id.*)  The Complaint asserts three causes of action: (1) a claim under state law for Outrageous Conduct against Defendant Castleberry; (2) a claim under 42 U.S.C. § 1983 for a violation of the Eighth Amendment against Defendant Castleberry; and (3) a claim for vicarious liability against Defendant WVDCR.  (*Id.* at 5–8; *see also* ECF No. 8 at 1. (clarifying claims)).  Defendant Castleberry removed the case to this Court on March 19, 2025.  (ECF No. 1.)

Defendant WVDCR then filed the pending Motion to Dismiss on May 5, 2025.  (ECF No. 6.)  Plaintiff filed a response, (ECF No. 8), and WVDCR filed a reply, (ECF No. 9).  As such, this motion is fully briefed and ripe for adjudication.

## II.     LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint.  Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007).  A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  In applying this standard, a court must utilize a two-pronged approach.  First, it must separate the legal conclusions in the complaint from the factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged."  *Id.*  Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).  A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 555, 570.

## III.     DISCUSSION

In the pending motion to dismiss, Defendant WVDCR argues that Plaintiff has failed to state a claim for vicarious liability under Count Three because Defendant Castleberry's actions are intentionally tortious and fall outside the scope of Defendant Castleberry's employment.  (ECF

3

No. 7 at 4.) Conversely, Plaintiff relies on the Supreme Court of Appeals of West Virginia's ("WVSCA") decision in *Crawford v. McDonald*, No. 21-0372, 2023 WL 2729675 (W. Va. Mar. 31, 2023), in arguing that Defendant Castleberry's conduct was within the scope of his employment.[1] (*See* ECF No. 8 at 7–8.) The Court agrees with Defendant WVDCR.

Under West Virginia law,[2] for an employer to be found vicariously liable for the acts of an employee, the acts must have been committed within the scope of the employment or within the employee's authority. *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 768 (W. Va. 2014). Relevant factors include whether the conduct is "1) of the kind he is employed to perform; 2) occurs within the authorized time and space limits; 3) it is actuated, at least in part, by a purpose to serve the master, and; 4) if force is used, the use of force is not unexpectable by the master." *Id.* at 769 (quoting Restatement (Second) of Agency § 228 (1958) (emphasis omitted)). While this determination is ordinarily a question of fact, it becomes a question of law when "the facts are undisputed and no conflicting inferences are possible." *Id.* at 768 (quoting *Mary M. v. City of Los Angeles*, 814 P.2d 1341, 1347 (Cal. 1991)). As recognized by the WVSCA, the purpose of the employee's act affects this analysis. *W. Virginia Div. of Corr. & Rehab. v. Robbins*, 889 S.E.2d 88, 103 (W. Va. 2023) ("the 'purpose' of the act is of critical importance"). Conversely, when the employee's act is intentionally tortious and does not further the interest of the employer, the act falls outside the scope of the officer's employment. *See A.B.*, 766 S.E.2d at

---

[1] Plaintiff unpersuasively asserts that "[t]he *Crawford* opinion is controlling West Virginia precedent[.]" (ECF No. 8, at 7). Yet, the WVSCA has held that its unpublished opinions "are of no precedential value and for this reason may not be cited in any court of this state as precedent or authority, except to support a claim of *res judicata*, collateral estoppel, or law of the case." 424 S.E.2d 759, syl. pt. 3 (W. Va. 1992). Consequently, this Court is not bound to follow *Crawford*. *See Ohio Valley Env't Coal., Inc v. Fola Coal Co., LLC*, 82 F. Supp. 3d 673, 678 n. 3 (S.D. W. Va. 2015) (finding that the court was not bound to follow an unpublished WVSCA opinion).

[2] A federal court exercising supplemental jurisdiction over state law claims applies state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72–73 (1938).

4

770–72 (finding that the intentional torts committed by a correctional officer were "in no way an 'ordinary and natural incident' of the duties with which he was charged by the [employer] and in no way furthered the purposes of the [employer]"); *Kelly v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 2:18-cv-01074, at *8–9 (S.D. W. Va. March 29, 2019) (Copenhaver, J.) (finding that "no reasonable factfinder could conclude that the purposeful and malicious attacks alleged in the plaintiff's complaint could serve the purpose of [employer]."); *Bennett v. W. Virginia Div. of Correction & Rehab.*, No. 2:23-CV-00312, 2023 WL 4353708, at *1, *3 (S.D. W. Va. July 5, 2023) (Johnston, C.J.) (finding that an officer's physical abuse of the prisoner after he asked to speak with a supervisor falls outside the officer's scope of employment); *Hamrick v. W. Virginia Div. of Correction & Rehab.*, No. 2:24-cv-00728, 2025 WL 781089, at *1, *4 (S.D. W. Va. March 11, 2024) (Berger, J.) (finding that an officer's unprovoked discharge of his taser against the prisoner does not further the interest of his employer).

In this case, Defendant Castleberry is alleged to have engaged in intentionally tortious conduct outside the scope of his employment. As stated in the Complaint, when Defendant Castleberry sprayed Plaintiff, "he was not a threat to himself, the Defendant, or anyone else" and "was not causing any disturbance." (ECF No. 1-1 at 4, ¶ 8.) Plaintiff further alleges that "Defendant Castleberry did not give Plaintiff any warning or orders prior to spraying him and Plaintiff had his hands against the wall when he was sprayed with O.C. spray." (*Id.*) Plaintiff's complaint even notes that Defendant Castleberry possessed "malicious intent" when he sprayed the Plaintiff. (*Id.* at 6.)

Assuming these allegations to be true, no reasonable inference can be drawn that Defendant Castleberry's intentional wrongful conduct was done in the interest of or for the benefit of

Defendant WVDCR. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint"). This remains true regardless of the WVSCA's holding in *Crawford.*

Although this incident occurred "within the authorized time and space limits" of Defendant Castleberry's employment, his alleged conduct was certainly not "the kind he is employed to perform," actuated in any way to serve Defendant WVDCR, or expected by Defendant WVDCR. *Cf. A.B.*, 766 S.E.2d at 769. Specifically, spraying Plaintiff "without provocation" could in no way serve the purpose of Defendant WVDCR. *See Hamilton v. Hill*, No. 2:20-cv-00368, 2020 WL 3472420, at *2 (S.D. W. Va. June 25, 2020) (Goodwin, J.) ("[T]he battery claim based on [the officers] unlawful use of pepper spray is an intentional act outside the scope of [the officers] employment"); *Marcum v. Bailey*, No. 2:20-CV-00628, 2020 WL 7646977, at *1, *5 (S.D.W. Va. Dec. 23, 2020) (Berger, J.) ("[T]he retaliatory use of OC spray could in no way serve the purposes of the WVDOC"). In fact, Plaintiff alleges that "Defendant Castleberry filed a false report in an attempt to cover up his conduct." (ECF No. 1-1 at 4.) Therefore, the alleged intentional conduct of Defendant Castleberry was not within the scope of his employment.

Despite Plaintiff's contentions otherwise, (ECF No. 8 at 6), *Crawford* is distinguishable from the present facts.[3] Specifically, in *Crawford* the officer—after first warning the inmate—sprayed the inmate with O.C. foam when the inmate refused to comply with his order. 2023 WL

---

[3] Plaintiff argues that—similar to *Crawford*—it should be left to a jury to decide whether Defendant Castleberry's conduct was within the scope of his employment. (ECF No. 8 at 7.) In *Crawford*, the petitioners brought a motion for summary judgment, which "should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." 2023 WL 2729675 at *4 (quoting *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of N.Y.*, 148 W. Va. 160, 133 S.E.2d 770 (1963)). Whereas here, Defendant WVDCR brings a 12(b)(6) motion to dismiss. Accordingly, the procedural standard is different from Crawford, allowing this Court to resolve Defendant's motion on the pleadings. *See Bosiger v. U.S. Airways*, *Inc.*, 510 F.3d 442, 450 (4th Cir. 2007).

6

2729675, at *2. The WVSCA found the officer's conduct could reasonably fall within the scope of his employment because the officer's actions occurred while "trying to secure" the inmate. *Id.* at *7. The *Crawford* Court even opined that "[s]ince the correctional officers' conduct appear[ed], at least in part, by a purpose to serve the master, [*Crawford*] is unlike other cases that have found tortious conduct not to be within the scope of employment." *Id.* at *7. Here, Plaintiff alleges that Defendant Castleberry sprayed him with O.C. spray without warning and after he complied with the officer's orders. (ECF 1-1 at 4.) Defendant Castleberry's conduct does not display a purpose to serve the master, Defendant WVDCR. Thus, *Crawford* is unlike the present case and does not apply here.

Consequently, Defendant WVDCR cannot be held vicariously liable for Defendant Castleberry's alleged outrageous conduct, and Count III must be dismissed against Defendant WVDCR. Accordingly, Defendant WVDCR's Motion to Dismiss, (ECF No. 6), is **GRANTED**.

## IV. CONCLUSION

For these reasons, Defendant WVDCR's Motion to Dismiss, (ECF No. 6), is **GRANTED**. The Court further **DISMISSES** Defendant WVDCR from this action and **DIRECTS** the Clerk to remove Defendant WVDCR as a named defendant in this matter.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   December 22, 2025

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE